IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RODNEY MANGON LANE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 623-041 |
| | ) |
| UNIT MANAGER MS. MARTIN; | ) |
| MEDICAL SERVICES; | ) |
| WARDEN ADAMS; and | ) |
| DEPUTY WARDEN McFARLEY, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Smith State Prison in Glennville, Georgia, commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On June 27, 2023, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). (See doc. no. 6.) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See id. at 4.) The time to respond has passed, and although Plaintiff has submitted his Consent to Collection of Fees form, (doc. no. 9), he has not returned his Prisoner Trust Fund Account Statement. Plaintiff has not provided the Court with any explanation why he has not complied with the requirement to return both forms provided with the June 27th Order.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Moreover, a district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to return all the necessary IFP papers, or even to provide the Court with an explanation for his failure to comply with the Court's June 27th Order amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  Plaintiff has been warned that failing to

return the necessary IFP papers would be an election to have his case voluntarily dismissed. (See doc. no. 6, p. 4.)  As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, and because the imposition of monetary sanctions is not feasible in light of the initial request to proceed IFP, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of August, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA